UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THERESA MORELLI,

    Plaintiff,

    -against-

WAPPINGERS CENTRAL SCHOOL DISTRICT,

    Defendant.

**COMPLAINT**

**Jury trial demanded**

ECF Case

**BRIEANT**

**07 CIV. 8711**

## INTRODUCTION

1. Plaintiff Theresa Morelli brings this lawsuit against defendant Wappingers Central School District alleging discrimination on the basis of disability and retaliation in violation of the Americans With Disabilities Act, the Rehabilitation Act, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## PARTIES

2. Plaintiff is a woman residing in Wappingers Falls, Dutchess County, New York, who has been employed by the Wappingers Central School District since 2001.

3. Defendant Wappingers Central School District is a municipal entity organized pursuant to the laws of New York State, It may sue and be sued.

## JURISDICTION AND VENUE

4. Since all relevant events occurred within the County of Dutchess, New York State, venue is properly found in this Court.

5. As plaintiff brings suit under the Americans with Disabilities Act and the Rehabilitation Act of 1973, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. It also has jurisdiction pursuant to 42 U.S.C. §1983.

6. In or about December 2006, plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission. Fewer than ninety days have elapsed since plaintiff received her Notice of Right to Sue.

**FACTS**

7. Plaintiff has been employed by defendant Wappingers Central School District as a music teacher for kindergarten through 8th grade since 2001.

8. During 2001-2002 school year, plaintiff was assigned to teach at one school, Van Wyck Junior High School.

9. In or about early 2002, plaintiff was diagnosed with Hereditary Angioedema (HAE), a rare disease that causes swelling affecting major life activities, such as breathing, walking and driving.

10. From September 2002 through June 2006, plaintiff was assigned to teach music at Van Wyck Junior High School and Wappingers Junior High School, necessitating travel between both schools.

11. In 2006, plaintiff had increased difficulty traveling between schools to teach because of the increased physical strain and stress that caused attacks of HAE. In January 2006, she was hospitalized for an attack.

12. In June 2006, plaintiff asked her supervisor, Robert Jutton, defendant's Director of Fine and Performing Arts, to assign her to teach in only one school as an accommodation for

her disability. Plaintiff gave Jutton a copy of a letter from her physician describing her disability. Defendant refused to grant this accommodation.

13. In August 2006, plaintiff was informed that she was assigned to teach at three different schools each day for the 2006-2007 school year.

14. This onerous assignment required plaintiff to travel long distances while attempting to meet a class schedule as well as required meetings and conferences in different schools.

15. In September, plaintiff experienced a flare-up of symptoms of her condition and was unable to work.

16. In early October, plaintiff again asked for an accommodation, including teaching in one school building and having a parking spot assigned near the building entrance. Plaintiff's physician also suggested that she needed to wear loose clothing to accommodate abdominal swelling.

17. Plaintiff specifically requested assignment to an available position as a 6th grade vocal music teacher at Van Wyck Junior High School.

18. Defendant denied plaintiff's request and the position was given to a non-disabled teacher.

19. Defendant refused any substantial accommodation with respect to plaintiff's building assignments or workload and granted her only a parking space near building entrances and permission to wear loose clothing.

20. Thereafter, plaintiff tried to perform her assignments under increasing stress and physical disability. Plaintiff became ill in transit between schools and was criticized for failure to appear at a school open house.

21. Plaintiff next went on extended sick leave as she became too ill to work.

22. As a result of defendants' misconduct, plaintiff has suffered physical damages and exacerbation of her disability, acute chronic depression and panic disorder, severe stress and emotional distress, humiliation and embarrassment. Without reasonable accommodation, plaintiff is unable to continue working and will suffer lost income, benefits, tenure and career opportunities.

**CAUSES OF ACTION**

23. Plaintiff incorporates the allegations in paragraphs 1-22 as if fully restated herein.

24. Defendant knowingly and willfully violated the Americans With Disabilities Act, the Rehabilitation Act of 1973, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by discriminating against plaintiff on account of her disability, refusing to grant her a reasonable accommodation so that she could continue employment and retaliating against her for making a complaint of discrimination.

WHEREFORE, plaintiff prays that this Honorable Court:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this matter;

c. award to plaintiff back and front pay;

d. award to plaintiff compensatory damages sustained as a result of defendant's discriminatory practices;

e. award to plaintiff punitive damages for defendant's wilful and outrageous conduct in connection with her federal claims;

f. award attorneys fees and costs; and

g. award any other relief deemed just and proper.

Dated: October 5, 2007
Chester, New York

Respectfully submitted,

S/ _____
HELEN G. ULLRICH (HU 6597)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff