UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THERESA MORELLI,

                     Plaintiff,                             **ANSWER**

       -against-                                           07-8711 (CB)

WAPPINGERS CENTRAL SCHOOL                        ECF Case
DISTRICT,

                     Defendant.
----------------------------------------------------------X

       Defendant, Wappingers Central School District, by its attorneys, Donoghue, Thomas, Auslander & Drohan, LLP, as and for its Answer states as follows:

       1.       With regard to the allegations contained in Paragraph "1," admits only that these are Plaintiff's allegations.

       2.       Admits the allegations contained in Paragraph "2."

       3.       Admits the allegations contained in Paragraph "3."

       4.       With respect to the allegations contained in Paragraphs "4" and "5," most respectfully refers these questions of law to the Court for determination.

       5.       Admits so much of the allegations contained in Paragraph "6" alleging a charge of discrimination was filed with the U.S. Equal Employment Opportunity Commission, but denies any knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

       6.       Denies the allegations contained in Paragraph "7," but admits that Plaintiff has taught music for grades six, seven, and eight since 2001.

       7.       Admits the allegations contained in Paragraph "8."

8. Admits so much of the allegations contained in Paragraph "9" alleging that Plaintiff indicated that she was diagnosed with Hereditary Angioedema (HAE), but denies any knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

9. Denies the allegations contained in Paragraph "10."

10. Denies the allegations contained in Paragraph "11," except admits so much thereof which indicated that Plaintiff was hospitalized in January 2006.

11. Denies each and every allegation contained in Paragraph "12," except admits so much thereof alleging Plaintiff asked her supervisor to assign her to teach in one school and delivered a letter from her physician.

12. Admits the allegations contained in Paragraph "13."

13. Denies the allegations contained in Paragraph "14," except admits so much thereof alleging that the Plaintiff was required to attend meetings and conferences, be present to teach class, and travel between schools.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "15."

15. Admits the allegations contained in Paragraph "16," except denies so much thereof indicating that Plaintiff's physician suggested that she needed to wear loose clothing to accommodate abdominal swelling.

16. Denies the allegations contained in Paragraph "17."

17. Denies the allegations contained in Paragraph "18."

18. Denies the allegations contained in Paragraph "19," except admits that Plaintiff was granted a parking space near the building and allowed to wear loose clothing.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "20."

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "21," but admits so much thereof alleging Plaintiff went on extended sick leave.

21. Denies the allegations contained in Paragraph "22."

22. With respect to the allegations of Paragraph "23," Defendant repeats and reiterates the allegations of Paragraphs "1" - "21" with the same force and effect as if set forth at length herein.

23. Denies the allegations contained in Paragraph "24."

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

24. Plaintiff is not a "qualified individual with a disability" under either the Americans With Disabilities Act or the Rehabilitation Act of 1973, as she is not substantially limited in a major life activity.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

25. Plaintiff is not a "qualified individual with a disability" under either the Americans With Disabilities Act or the Rehabilitation Act of 1973, as she cannot perform the essential functions of the job with or without a reasonable accommodation.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

26. Assuming, *arguendo*, that Plaintiff is disabled, Defendant has no obligation to eliminate the essential functions of a job in order to accommodate her.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

27.     Assuming, *arguendo*, that Plaintiff is disabled, Defendant has no obligation to move another employee from a previously held position in order to accommodate her.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28.     Plaintiff has failed to exhaust her administrative remedies.

WHEREFORE, it is respectfully requested the Complaint be dismissed in all respects, together with such other, further and different relief as to the Court may seem just and proper.

Dated:  Hopewell Junction, New York
        November 9, 2007

>   Yours, etc.,
>
>   DONOGHUE, THOMAS, AUSLANDER & DROHAN, LLP
>
>   By:     */s/ Vincent P. D'Andrea*
>           Vincent P. D'Andrea (6614)
>           Attorneys for Defendant
>           2517 Route 52
>           Hopewell Junction, NY 12533
>           Tel. No. 845/227-3000
>           Fax No. 845/227-6873

TO:     HELEN G. ULLRICH, ESQ.
        Bergstein & Ullrich, LLP
        Attorneys for Plaintiff
        15 Railroad Avenue
        Chester, NY 10918